UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN R. BORDELON,<br><br>Plaintiff,<br><br>v.<br><br>MISHYA SINGH, et al.,<br><br>Defendants. | Case No. 24-cv-01173-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Contra Costa County public defenders Mishya Singh and Ilean Baltodano. His complaint (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants Contra Costa County public defenders Mishya Singh and Ilean Baltodano.[1] Plaintiff alleges that defendant Singh's representation of him from September 2022 to August 2023 constituted legal malpractice. Defendant Singh ignored Plaintiff when he informed her that he suffered from severe mental illness and did not understand the proceedings; told Plaintiff that he was lying about his mental illness; and told Plaintiff that his mental illness was insufficient to be assessed by a psychologist. Defendant Singh also refused to waive time; proceeded straight to preliminary hearing; told Plaintiff he understood the preliminary hearing proceedings even when he insisted that he did not; allowed a law clerk to argue the motion to dismiss without Plaintiff's consent; did not visit Plaintiff from March through July 2023; and disclosed to Plaintiff the discovery file of another client, which included confidential information, such as social security number, home address, license plate number, and vehicle identification number. Plaintiff informed defendant Singh's supervisor, defendant Baltodano, of his concerns regarding defendant Singh's representation, but defendant Baltodano also stated that there was no need to look into Plaintiff's mental well-being. Plaintiff seeks the following relief: $2 million;

---

[1] It is unclear if Plaintiff also wishes to name the Contra Costa County Public Defenders as a defendant, or if he referenced the Martinez Public Defender's Office to identify defendants Singh's and Baltadono's place of work. In referencing the Martinez Public Defender's Office, the Court presumes that Plaintiff is referring to the Contra Costa County Public Defenders, whose main branch is located in Martinez, California. There is no Martinez Public Defender's Office.

that his state court criminal proceedings be overturned and dismissed; and that counsel be appointed to represent him in this action.

**C.     Dismissal with Leave to Amend**

The complaint will be dismissed because Plaintiff has not alleged any violation of federal constitutional or statutory law, as is required to bring an action under 42 U.S.C. § 1983. A claim of legal malpractice is a state law claim. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (legal malpractice claim "indisputably" arises from state, not federal, law); *see also Lombardo v. Huysentruyt*, 91 Cal. App. 656, 665-66 (Cal. Ct. App. 2001) (listing elements of legal malpractice claim under California law).

The complaint suffers from additional deficiencies. Plaintiff's claims against Defendants may fail as a matter of law because the Supreme Court has held that, within the context of a 42 U.S.C. § 1983 action, "a public defender does not act under color of state when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk Cty. v. Dodson*, 454 U.S. 312, 324 (1981). This action may also be barred by the *Younger* abstention principle, which provides that, under principles of comity and federalism, federal courts should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

However, in the interest of justice, the Court grants Plaintiff leave to file an amended complaint to correct the above deficiencies.

## CONCLUSION

For the foregoing reasons, the Court dismisses the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 24-01173 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present

1 and all of the defendants he wishes to sue, and may not incorporate material from the prior
2 complaint by reference.  Failure to file an amended complaint in accordance with this order in the
3 time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk
4 shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  September 27, 2024


JON S. TIGAR
United States District Judge