UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN R. BORDELON,<br><br>    Plaintiff,<br><br>v.<br><br>MISHYA SINGH, et al.,<br><br>    Defendants. | Case No. 24-cv-01173-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff has filed a *pro se* action. His amended complaint (ECF No. 9) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

### B.    Procedural Background

The initial complaint named as defendants Contra Costa County public defenders Mishya Singh and Ilean Baltodano. The initial complaint alleged that defendant Singh's representation of Plaintiff from September 2022 to August 2023 constituted legal malpractice and that defendant Singh's supervisor, defendant Baltodano, took no steps to address Plaintiff's concerns regarding defendant Singh's representation. The initial complaint sought $2 million; that Plaintiff's state court criminal proceedings be overturned and dismissed; and that counsel be appointed to represent him in this action. *See generally* ECF No. 1. The Court dismissed the initial complaint because it did not allege any violation of federal constitutional or statutory law, as is required to bring an action under 42 U.S.C. § 1983. The Court identified the following deficiencies in the initial complaint: legal malpractice is a state law claim; a 42 U.S.C. § 1983 action may not be brought against a public defender regarding her actions when serving as counsel to a defendant in a criminal proceeding; and the action was likely barred by the *Younger* abstention principle. *See generally* ECF No. 7. In the interests of justice, the Court granted Plaintiff leave to file an amended complaint to correct these deficiencies. *Id.*

### C.    Amended Complaint

The amended complaint repeats the allegations made in the initial complaint and fails to address the deficiencies identified by the Court. The amended complaint again sues Mishya Singh and Ilean Baltadano, identified as Martinez County Public Defenders. The amended complaint does not seek to bring an action pursuant to 42 U.S.C. § 1983. The amended complaint again alleges that, from September 2022 to August 2023, Ms. Singh's representation of Plaintiff constituted legal malpractice; and that Ms. Singh's supervisor, Ilean Baltadano, participated in the malpractice by agreeing with Ms. Singh's statement that Plaintiff was not suffering from a mental illness and did not require a mental health assessment. Plaintiff states that he is bipolar and suffers from depression, complex PTSD, and anxiety. He states that Defendants' negligence and

1  malpractice forced him to agree to a plea deal.  The amended complaint again requests $2 million,
2  and a dismissal of his state court criminal case.

3        The Court DISMISSES this action with prejudice for lack of jurisdiction.  Federal courts
4  are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
5  (1994).  Generally, federal subject matter jurisdiction exists due to the presence of a federal
6  question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.
7  Plaintiff does not allege a federal question and has only alleged a state law claim of legal
8  malpractice, *see Gunn v. Minton*, 568 U.S. 251, 258 (2013) (legal malpractice claim
9  "indisputably" arises from state, not federal, law).  There is no diversity jurisdiction because
10 Plaintiff and Defendants are both citizens of California.  This dismissal is with prejudice because
11 granting leave to amend would be futile and because the Court has explained to Plaintiff the
12 specific deficiencies in his pleadings and Plaintiff has been unable to correct them.  *Leadsinger,*
13 *Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for
14 denial of leave to amend); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.
15 2009) (district court may, in its discretion, deny leave to amend where there have been repeated
16 failures to cure deficiencies by amendments previously allowed).

17       In addition, to the extent that Plaintiff is seeking to invalidate his conviction or plea
18 bargain, such a challenge must be brought via a petition for a writ of habeas corpus.  *Skinner v.*
19 *Switzer*, 562 U.S. 521, 533-34 (2011) (habeas is "exclusive remedy" for prisoner who seeks
20 "'immediate or speedier release'" from confinement).  The Clerk is directed to send Plaintiff two
21 copies of the Court's form petition for a writ of habeas corpus.  And to the extent that Plaintiff is
22 seeking monetary damages for allegedly wrongful conviction or imprisonment, Plaintiff must first
23 prove that the conviction or sentence has been reversed on direct appeal, expunged by executive
24 order, declared invalid by a state tribunal authorized to make such determination, or called into
25 question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S.
26 477, 486-487 (1994).

27 / / /
28 / / /

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action with prejudice. The Clerk is directed to send Plaintiff two copies of the Court's form petition for a writ of habeas corpus. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: November 25, 2024



JON S. TIGAR
United States District Judge